From this decree an appeal was made, and the following statement was made, and grounds- of appeal stated:
The bill in this suit, was filed for the purpose of avoiding the right of the defendants and confirming that of the complainant to a tract of land.
The complainant claimed under a deed from Moses Lindsey to himself, dated 21th of April, 1808, and which was=registered 5th September 1809. He also claimed under a mortgage from Conner to Inman, dated 18th of Dec.. 1805,. and which was registered the same day. It appeared that on the 31st of December 1808, Barret, who was alledged to be an agent of Inman, delivered the mortgage to the complainant, and gave a receipt thereon for full satisfaction. It likewise appeared that the complainant gave no money or adequate consideration for the deed or mortgage, and that Lindsey was in bad circumstances, and not in the habit of paying his debts.
The defendants Cothran and Speers claimed the land under a sheriff’s deed dated 8th December 1810, founded.on the following facts, to wit: in March 1808, the defendant Waters, and the firm of Evans and Co. (pf which the defendant Speers was a co-partner,) obtained separate judgments against the defendant Lindsey,, which were signed and executions lodged the 7th of May following. On the 8th September 1809, under those executions levies were made on the land, which in November following was sold for its full value at that time. The defendants Waters and Speers became purchasers. Waters sold his interest in the purchase to *555 Cothran, and the sheriff executed titles to Speeds and Cothran.
His honor the presiding judge, decreed that the sheriff’s deed to the defendants he cancelled, &c.
The defendants, therefore, move the Court of Appeals to reverse the decree of his honor, or to make such order and decree as to the Court of Appeals shall seem fit, on the grounds,
First, — That the alledged right of 'the complainant being a matter purely legal, was not a proper subject for the jurisdiction of a court of equity.
Second, — That the claims of the defendant should be preferred to those of the complainant.
Third, — It was incumbent on the complainant to prove an adequate consideration.
Fourth, — The conveyance by Lindsey to the complainant will authorize the conclusion of fraud against the right of creditors.
Fifth, — -That the decree is not warranted by the bill, answer and evidence.
Crenshaw defendant’s solicitor.
The appeal was argued before the chancellors Be-saussure, Gaillard and James, who afterwards unanimously aifinned the decree of the Circuit Court.